UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Ave., NW<br>Suite 200<br>Washington, DC 20009<br><br>      Plaintiff,<br><br>      v.<br><br>DRUG ENFORCEMENT ADMINISTRATION<br>8701 Morrissette Drive<br>Springfield, VA 22152<br><br>      Defendant | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the Drug Enforcement Administration ("DEA") of the U.S. Department of Justice ("DOJ").

2.    This lawsuit challenges the failure of DEA to disclose documents in response to EPIC's November 15, 2013, Freedom of Information Act request ("EPIC's FOIA Request"). EPIC's FOIA Request sought DEA records pertaining to the Hemisphere program. EPIC has constructively exhausted its administrative remedies. EPIC asks the Court to order immediate disclosure of all responsive records.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(C)(i) (2012). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2012). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4.      Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC conducts oversight of government activities and policies and analyzes their impact on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a popular Internet site, http://epic.org, which contains extensive information on current privacy issues, including documents obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public through its website and other media outlets. This Court recognized EPIC's role as a representative of the news media in *EPIC v. Dep't of Defense,* 241 F. Supp. 2d. 5 (D.D.C. 2003).

5.      Defendant DOJ is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) (2012). The DEA is a component of the DOJ, which is headquartered in Washington, D.C.

**FACTS**

**Background**

6.      On September 1, 2013, the *New York Times* reported that law enforcement officials have received access to "an enormous AT&T database that contains the records of decades of Americans' phone calls..." Scott Shane and Colin Moynihan, *Drug Agents Use Vast Phone Trove, Eclipsing N.S.A.'s*, New York Times, September 1, 2013.

7.      According to a DEA PowerPoint presentation obtained by the *New York Times*, the program enables law enforcement direct access to the AT&T database of telephone call records. It is referred to as the "Hemisphere Project" and has been in operation since 2007.

8.      According to the *Times* and the PowerPoint presentation, under the Hemisphere program, the DEA pays AT&T to give DEA employees direct access to the AT&T database.

9.      About 4 billion call records are added to the database daily and these records contain information about the location of the caller. Evan Perez, *DEA Program Linked to Vast AT&T Database, Documents Show,* CNN, September 2, 2013.

10.     Since September 2013, the existence – but not the details – of the Hemisphere program have been widely described by the *New York Times*, the *Guardian,* and the *Wall Street Journal*. Scott Shane & Colin Moynihan, *Drug Agents Use Vast Phone Trove, Eclipsing N.S.A.'s*, New York Times, Sep. 1, 2013;[1] James Ball, *US Drug Agency Partners with AT&T for Access to 'Vast Database' of Call Records*, The Guardian, Sept. 2, 2013;[2] Zusha Elinson, *Data Sweeps in Drug Cases Face Challenge*, Wall Street Journal, Nov. 23, 2013.[3] *See also* Catherine Crump, *The Vast, Troubling Call Database Drug Agents Use to Identify Burner Phones*, Slate, Sep. 3, 2013;[4] Gene Johnson & Eileen Sullivan, *Drug Agents Plumb Vast Database of Call Records*, Associated Press, Sep. 3, 2013;[5] Jon Brodkin, *AT&T Gives DEA 26 Years of Phone Call Records to Wage War on Drugs*, Ars Technica, Sep. 4, 2013;[6] Inquirer Editorial: *Data*

---

[1] http://www.nytimes.com/2013/09/02/us/drug-agents-use-vast-phone-trove-eclipsing-nsas.html?pagewanted=all&_r=0
[2] http://www.theguardian.com/world/2013/sep/02/nsa-dea-at-t-call-records-access
[3] http://online.wsj.com/news/articles/SB10001424052702304868404579194361499189256
[4] http://www.slate.com/blogs/future_tense/2013/09/03/hemisphere_project_an_aclu_lawyer_on_the_troubling_database_used_to_id_burner.html
[5] http://www.businessweek.com/ap/2013-09-02/drug-agents-plumb-vast-database-of-call-records
[6] http://arstechnica.com/tech-policy/2013/09/att-gives-dea-26-years-of-phone-call-records-to-wage-war-on-drugs/

*trolling violates rights*, The Philadelphia Inquirer, Sep. 5, 2013;[7] Rachel Swan, *The Wireless: Law Enforcement's Secret Partnership with Phone Companies Makes Everything Transparent Except the Law*, SF Weekly, Jan. 15, 2014.[8]

11. According to the *New York Times*, the program is funded by the White House's Office of National Drug Control Policy.

### EPIC's September 25, 2013 FOIA Request

12. Paragraphs 1-11 above are hereby incorporated by reference as if set forth fully herein.

13. On September 25, 2013, EPIC submitted, via certified mail, a FOIA request to the DEA's FOIA Office seeking records regarding the operations and legal basis for the program ("EPIC's FOIA Request").

14. EPIC's FOIA Request asked for the following agency records:

(1) All Hemisphere training modules, request forms, and similar final guidance documents that are used in the day-to-day operation of the program;

(2) Any analyses, memos, opinions, or other communications that discuss the legal basis of the program;

(3) Any analyses, memos, opinions, or other communications that discuss the privacy impact of the program; and

(4) Any presentations, analyses, memos, opinions or other communications for Congress that cover Hemisphere's operations.

15. In EPIC's FOIA Request, EPIC also sought "News Media" fee status as a "representative of the news media" under 5 U.S.C. § 552(4)(A)(ii).

---

[7] http://articles.philly.com/2013-09-05/news/41769068_1_phone-records-phone-call-drug-dealers
[8] http://www.sfweekly.com/2014-01-15/news/hemisphere-at-and-t-wiretapping-gangs/full/

16. In EPIC's FOIA Request, EPIC further sought waiver of all duplication fees in accordance with 5 U.S.C. § 552(4)(A), because disclosure of the records requested will contribute significantly to public understanding of the operations or activities of the government.

17. In EPIC's FOIA Request, EPIC also requested expedited processing because it was made by "a person primarily engaged in disseminating information…" and because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II) (2008); *Al-Fayed v. CIA*, 254 F.3d 300, 306 (D.C. Cir. 2001). Specifically, EPIC noted that there is a particular urgency to inform the public about the legal authority of law enforcement to obtain the call records, the adequacy of privacy safeguards, and other privacy issues.

18. On October 25, 2013, EPIC received a letter from DEA, signed by Katherine Myrick, Chief Freedom of Information/Privacy Act Unit, by mail. The letter, dated October 25, 2013, confirmed receipt of EPIC's FOIA Request and assigned EPIC's FOIA Request the case number 14-00009-F.

19. On November 4, 2013, EPIC received a letter from DEA, signed by Katherine Myrick, by mail. The letter, dated October 30, 2013, denied EPIC's request for expedited processing.

### EPIC's November 15, 2013 Request

20. Paragraphs 1-19 above are hereby incorporated by reference as if set forth fully herein.

21. On November 14, 2013, EPIC received a letter from DEA, signed by Katherine Myrick, by mail. In the letter, dated November 13, 2013, the agency claimed that EPIC needed to revise its request or the agency would administratively close the record.

22. To facilitate the agency processing of the request, the Coordinator of the EPIC Open Government Project contacted Josh Delo on November 15, 2013. Mr. Delo stated that unless EPIC identified the specific offices to be searched, the agency would not process the request.

23. Though neither the Freedom of Information Act nor the agency's regulations authorize the agency to close requests under such circumstances, EPIC agreed to revise the FOIA request to assist the agency in fulfilling its statutory obligations.[9]

24. On November 15, 2013, EPIC sent, via Certified Mail, a revised request specifying that the DEA should search its Headquarters and DEA division offices in Atlanta, Houston, Los Angeles, and Washington, D.C.

25. According to the United States Postal Service Certified Mail tracker, the DEA received EPIC's revised request on November 18, 2013.

## EPIC Has Constructively Exhausted its Administrative Remedies

26. Paragraphs 1-25 above are hereby incorporated by reference as if set forth fully herein.

27. It has been 67 business days since EPIC's FOIA Request was received by DEA.

28. DEA has failed to make a determination about EPIC's FOIA Request within the twenty-day time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) (2012).

29. DEA's failure to respond within the twenty-day statutory limit constitutes a constructive denial of EPIC's request.

---

[9] The Department of Justice FOIA regulations specify, "You may make a request for records of the Department of Justice by writing directly to the Department component that maintains those records." 28 U.S.C. § 552(a). The regulations permit the agency to require the requester to "describe the records in enough detail to enable department personnel to locate them with a reasonable amount of effort," but do not permit the agency to require that the requester already know which subcomponents or offices contain the records sought. 28 U.S.C. § 552(b).

## Count I
## Violation of FOIA: Failure to Comply With Statutory Deadlines

30. Paragraphs 1-29 above are hereby incorporated by reference as if set forth fully herein.

31. As described above, Defendant DEA's failure to respond to EPIC's Request violated the statutory deadline imposed by the FOIA set forth in 5 U.S.C. § 552 (a)(6)(A)(ii).

32. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

33. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Count II
## Violation of FOIA: Unlawful Withholding of Agency Records

34. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

35. As described above, DEA has failed to comply with statutory deadlines and failed to make responsive records available to EPIC.

36. As a result of DEA's unlawful delay, the agency has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

37. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

38. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Requested Relief

WHEREFORE, Plaintiff prays that this Court:

- A. order Defendant to promptly disclose to Plaintiff responsive agency records;

- B. order Defendant to file, within 20 days of the date of the Court's Order in this matter, a *Vaughn* index, *i.e.* an affidavit: 1) identifying each document withheld from disclosure; 2) stating defendant's claimed statutory exemption as to each withheld document (or portion of a document); and 3) explaining why each withheld document is exempt from disclosure;

- C. award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2012); and

- D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By: ____/s/ Ginger McCall_____
Ginger McCall, D.C. Bar # 1001104
Marc Rotenberg, D.C. Bar # 422825
Julia Horwitz, D.C. Bar #1018561
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: February 26, 2014