# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>Defendant | Civil Action No. 14-cv-317 (EGS) |

## JOINT STATUS REPORT IN RESPONSE TO JULY 3, 2014 ORDER

Plaintiff Electronic Privacy Information Center (EPIC) and defendant Drug Enforcement Administration (DEA) respond as follows to the Court's July 3, 2014 Minute Order directing the parties to file a joint status report including recommendations for further proceedings by July 28, 2014:

1. This is an action for injunctive and other relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff EPIC filed its complaint against defendant DEA on February 26, 2014. The DEA served its answer on April 7, 2014.

2. DEA has represented that it mailed its response to the plaintiff's FOIA request on July 21, 2014. The release contained 319 pages. EPIC received an electronic version of the documents on July 23, 2014 from opposing counsel, but has not yet received the documents the agency claims to have sent via mail. DEA withheld material from the release that it determined was exempt from disclosure under 5 U.S.C. § 552(b)(5), (6), (7)(A), (7)(C), (7)(D), (7)(E), or (7)(F).

3. Plaintiff EPIC has preliminarily reviewed the release and has indicated that it intends to challenge DEA's withholdings and may challenge the sufficiency of the agency's search. Accordingly, the parties agree that an appropriate next step is for the Court to set a

schedule for cross motions for summary judgment. However, the parties have not been able to agree on a proposed schedule and are making separate proposals as follows. Each party has attached a proposed order.

4. Because the defendant believes that the page limits set forth in Local Civil Rule 7(e) are not clearly suited to the filing of consolidated briefs, the defendant further proposes that the page limits for the parties' briefs be modified such that each party may file a total of 70 pages for both its briefs, to be allocated between the two briefs as each party chooses. The plaintiff has agreed to this proposal.

## PLAINTIFF'S STATEMENT

| Sept. 15, 2014 | defendant's motion for summary judgment |
|---|---|
| Oct. 15 2014 | plaintiff's consolidated cross motion and opposition |
| Oct. 30, 2014 | defendant's consolidated reply and opposition |
| Nov. 7, 2014 | plaintiff's reply |

Plaintiff's proposed schedule follows the timetable routinely set by the D.C. District Court in similar matters. Opposition are filed within 14 days. Local Rule 7(b). A Reply Motion is filed within 7 days. Local Rule 7(c). The Court should also adopt plaintiff's proposed schedule because of the agency's prior delays in this matter. Ten months have passed since EPIC filed the FOIA request with DEA. The agency originally agreed to a June 23, 2014 production date, but failed to produce any documents by that date. Dkt. No. 9. The agency then agreed to a July 21, 2014 production date, Dkt. No. 12, but EPIC did not receive documents from the agency until July 23, 2014.

EPIC filed the original request on September 25, 2013. And when the agency asked to narrow the scope of the request, EPIC agreed. Further delay now is contrary to well-established practice and is against the interests of plaintiff.

## DEFENDANT'S STATEMENT

DEA proposes the following schedule for summary judgment briefing:

| | |
|---|---|
| Sept. 29, 2014 | defendant's motion for summary judgment |
| Dec. 1, 2014 | plaintiff's consolidated cross motion and opposition |
| Dec. 22, 2014 | defendant's consolidated reply and opposition |
| Jan. 5, 2015[1] | plaintiff's reply |

The plaintiff's proposed schedule is not workable for DEA. Because of other professional commitments, including two major briefing deadlines in early September on the part of DEA's counsel, DEA needs until late September to prepare its summary judgment motion and the submission required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

DEA's attorney will also be out of the office on family leave during all or nearly all of the months of October 2014 and November 2014, and so would not be able to meet the plaintiff's proposed October 30 deadline. The defendant further notes that the plaintiff's proposal provides only 15 days for the defendant to prepare its opposition brief—half the time permitted for the plaintiff's opposition brief.

EPIC states that it did not receive DEA's response until July 23, 2014. DEA mailed its response to EPIC on July 21, 2014, and supplied an electronic copy of the response to the

---

[1] DEA would not oppose a request by the plaintiff for additional time for filing of the plaintiff's reply if needed because of the winter holidays or other reasons.

plaintiff on July 23, 2014, less than 90 minutes after the plaintiff first informed counsel that it had not received the response.

Date: July 28, 2014

MARC ROTENBERG, D.C. Bar # 422825
EPIC President

Ginger McCall, D.C. Bar # 1001104
Julia Horwitz, D.C. Bar #1018561
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendant