UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER )<br><br>Plaintiff, )<br><br>v. )<br><br>DRUG ENFORCEMENT ADMINISTRATION )<br><br>Defendant. ) | No. 1:14-cv-00317 (EGS) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND RESPONSE TO DEFENDANT'S STATEMENT OF FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 7(h), Plaintiff Electronic Privacy Information Center ("EPIC") submits the following statement of disputed and undisputed facts in opposition to Defendant Drug Enforcement Administration's ("DEA") motion for summary judgment and in support of Plaintiff's cross-motion for summary judgment. This statement identifies the portions of Defendant's Statement of Material Facts Not In Dispute, Dkt. 15-1, as to which Plaintiff contends there exists a genuine issue.

1. Plaintiff agrees that there is no genuine issue as to the facts set forth in paragraphs 1-6 and 8-10 of Defendant's Statement.

2. Plaintiff contends that there exist genuine issues of material fact as to the matters set forth in paragraphs 7, 11, and 12 of Defendant's Statement, as explained

1

below.

3. Paragraph 7 asserts, "DEA mailed its response to EPIC's FOIA request on July 21, 2014." Def.'s Statement ¶ 7. Plaintiff never received a response by mail, either on July 21, 2014, or any time afterward. On July 23, 2014, EPIC emailed James Luh, counsel for Defendant, to inquire after the status of DEA's record production. Mr. Luh responded later that day and attached a digital copy of DEA's first record production.

4. Paragraph 11 states, "In all, DEA located 323 pages of responsive documents subject to FOIA. Of these 323 pages, 41 were released in full, and 178 pages were withheld in part and 104 pages were withheld in full based on FOIA Exemptions 5, 6, 7(C), 7(D), 7(E), and 7(F)." Def.'s Statement ¶ 11. Plaintiff does not dispute that the agency produced 323 pages of responsive documents subject to FOIA or that the agency claimed exemptions 5, 6, 7(C), 7(D), 7(E), and 7(F) to justify its withholdings. However, Plaintiff asserts that there is a genuine issue as to whether Defendant has conducted a sufficient search to identify *all* records responsive to Plaintiff's request. Plaintiff also asserts that there is a genuine issue as to whether Defendant has conducted a sufficient segregability analysis to identify *all* non-exempt portions of the documents.

5. Paragraph 12 states, "The attached Declaration of Katherine L. Myrick provides a detailed explanation of the documents at issue in this case that DEA withheld in

full or in part from EPIC's FOIA request." Def.'s Statement ¶ 12. Plaintiff disputes DEA's characterization of the Myrick Declaration as "a detailed explanation of the documents at issue in this case." Plaintiff asserts that the Myrick Declaration is impermissibly vague and overbroad, and describes categories of exemptions rather than the "documents at issue."

4

Dated: December 1, 2014        Respectfully submitted,

MARC ROTENBERG
President and Executive Director

*/s/ Ginger P. McCall*
GINGER P. MCCALL
D.C. Bar # 1101104

JULIA HORWITZ
D.C. Bar # 1018561

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Ave, NW #200
Washington, DC 20009
Telephone: (202) 483-1140
Fax: (202) 483-1248
foia@epic.org

Attorneys for Plaintiff