UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>        Plaintiff<br><br>        v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>        Defendant | Civil Action No. 14-cv-317 (EGS) |

## DEFENDANT'S MOTION REGARDING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

The January 12, 2015, reply memorandum filed by plaintiff Electronic Privacy Information Center, Mem. in Supp. of Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J., ECF No. 22, attempted to raise new arguments on an issue that the plaintiff had conceded in its previous memorandum, specifically, the propriety of defendant Drug Enforcement Administration's application of Exemption 5 of the Freedom of Information Act, 5 U.S.C. § 552(b)(5), to an email message. The Court should simply treat the issue as conceded under Local Civil Rule 7(b) and should not consider the new arguments. If the Court treats the issue as conceded, then DEA does not request any further relief, and this motion should be denied as moot. However, if the Court decides to consider the new arguments, then DEA requests leave to file a short surreply addressing the issue.

This is an action for injunctive and other relief under the FOIA, 5 U.S.C. § 552. Defendant DEA filed a motion for summary judgment asking the Court to uphold DEA's response to the plaintiff's FOIA request, including its decisions to withhold certain materials based on statutory exemptions. Def.'s Mot. for Summ. J., ECF No. 15. One of the matters for which DEA sought summary judgment was DEA's decision to withhold an email message

protected by the attorney-client privilege, the attorney work-product doctrine, and the deliberative process privilege based on FOIA Exemption 5, 5 U.S.C. § 552(b)(5). Def.'s Mem. in Supp. of Mot. for Summ. J. 8–10, ECF No. 15 (discussing Decl. of Katherine L. Myrick ¶ 34.b). The plaintiffs filed a memorandum opposing DEA's summary judgment motion in part and seeking summary judgment in favor of the plaintiffs on certain issues. Mem. in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot. for Summ. J., ECF Nos. 17, 18. In that memorandum, the plaintiffs did not contest the withholding of the email. DEA noted in its consolidated reply and opposition that the withholding of the email therefore should be upheld. Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. and Reply Mem. in Supp. of Def.'s Mot. for Summ. J. 10 n.2, 16, ECF Nos. 19, 20. However, in their reply memorandum, the plaintiff improperly raised arguments contesting the withholding of the email for the first time. Mem. in Supp. of Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J. 7–14.

The Court should not consider the plaintiff's improperly raised arguments and should simply uphold DEA's decision to withhold the email. See Loc. Civ. R. 7(b); Elec. Privacy Info. Ctr. v. Office of the Dir. of Nat'l Intelligence, 982 F. Supp. 2d 21, 26 (D.D.C. 2013) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (quoting Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003))), cited in Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. and Reply Mem. in Supp. of Def.'s Mot. for Summ. J. 16; accord Reyes v. U.S. EPA, 991 F. Supp. 2d 20, 24 n.2 (D.D.C. 2014); see also Feld. Entmt., Inc. v. ASPCA, 873 F. Supp. 2d 288, 309 n.11 (D.D.C. 2012) (noting that it is improper to raise issues for the first time in a reply brief). If the Court treats the issue as conceded, DEA does not request further

relief. However, if the Court decides to consider the plaintiff's improperly raised arguments, DEA requests leave to submit a surreply of up to 4 pages addressing the plaintiffs' arguments. DEA asks that it be permitted at least 4 days to prepare such a surreply in light of other professional obligations.

    DEA has conferred with EPIC, and EPIC has indicated that it opposes the requested relief.[1] A proposed order is attached.

Date: January 20, 2015

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendant

---

[1] More specifically, EPIC denied that it raised any new arguments in its reply memorandum. EPIC also indicated that it would not oppose a motion for leave to file a surreply if EPIC were also permitted to file an additional brief responding to the surreply. DEA does not believe EPIC should be permitted to file an additional brief, since EPIC should not have raised new arguments in its reply brief in the first place.