IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION )<br>)<br>Defendant. ) | No. 1:14-00317 (EGS) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION REGARDING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Electronic Privacy Information Center ("EPIC") hereby submits this opposition to the Defendant Drug Enforcement Administration's ("DEA's") Motion Regarding the Parties' Cross-Motions for Summary Judgment. The DEA argues that in Plaintiff's Reply Memorandum, EPIC "attempted to raise new arguments on an issue that the plaintiff had conceded in its previous memorandum." Def.'s Mot. Regarding the Parties' Cross-Mot. Summ. J., ECF No. 23. But this is not the case. In EPIC's original Cross-Motion for Summary Judgment and Opposition, EPIC stated unambiguously, "[T]he agency improperly relied on exemptions 5 and 7 to withhold responsive records that should be disclosed," and "The Court should order DEA to release records improperly withheld under Exemptions 5, 7(D), and 7(E) and to conduct an adequate segregability review of the Hemisphere records." Pl.'s Cross Mot. Summ. J. and Opp., ECF 18-1 at 7, 39.

1

**I. The Motion for Leave to File a Surreply Should Not Be Granted**

Contrary to the DEA's assertions, EPIC did not raise new facts or arguments, and this Court should not grant the motion for a surreply. Surreplies are meant to provide the moving party with the opportunity to respond to matters that could not have been raised in the movant's opposition brief. *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) ("The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply"). A surreply is only appropriately granted where there is a "new matter" introduced in the reply motion. *US ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002). "A surreply is most appropriate where the new matter introduced is factual." *Id.*; *Alexander v. FBI,* 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave to file a surreply to allow opposing party to respond to a new declaration included in the reply brief). "Where the movant's reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate." *Crummey v. Social Sec. Admin*. 794 F. Supp. 2d 46, 63 (D.D.C. 2011) (denying motion to file a surreply where the arguments in the reply fell within the scope of the matters raised in the original motion and opposition).

A surreply is inappropriate concerning arguments and materials that expand upon claims made in the original motion. *Simms v. Ctr. for Correctional Health and Policy Studies*, 794 F. Supp. 2d 173, (D.D.C. 2011). In *Simms*, for example, this Court denied the plaintiff's motion to file a surreply on the ground that defendant's reply added new claims and/or argument it had not raised in its original motion. This Court explained that defendant's reply did not contain any material that went "beyond the parties dispute as framed by the [original] motion and plaintiff's opposition." *Id*. at n.7.

In the Plaintiff's Cross Motion for Summary Judgment and Opposition, EPIC explained that "the agency improperly relied on exemptions 5 and 7 to withhold responsive records that should be disclosed." Pl.'s Mem. in Opp. to Def.'s Mot. Summ. J., EFC No. 17, at 7. This was an unqualified statement and provided the government unambiguous warning that their Exemption 5 withholdings were all at issue. EPIC stated plainly, "The Court should order DEA to release records improperly withheld under Exemptions 5, 7(D), and 7(E) and to conduct an adequate segregability review of the Hemisphere records." *Id*. at 39.

By contrast to these explicit claims, presented directly in a prior pleading, EPIC made no arguments as to Exemptions 6, 7(C), or 7(F). While EPIC does not concede that the DEA's withholdings under 6, 7(C), and 7(F) were proper, EPIC chose not to dispute these for the purposes of this lawsuit. And the DEA demonstrated that it understood the scope of EPIC's arguments, entitling the final section of its Opposition and Reply "EPIC concedes that material was properly withheld under Exemptions 6, 7(C), and 7(F)." Def.'s Mem. in. Opp. and Reply, ECF No. 20, at 16.

EPIC was therefore surprised to discover that the DEA believed that EPIC conceded any part of the Exemption 5 argument, and responded in the Reply accordingly. Mem. in Supp. of Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J., ECF No. 22 at 8 *citing Schlefer v. United States,* 702 F.2d 233, 244 (D.C. Cir. 1983) (internal quotations omitted) ("As EPIC explained in its Cross Motion for Summary Judgment, an agency is not allowed to develop a body of secret law used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as 'formal,' 'binding,' or 'final.' ").

From the outset, EPIC has been clear that this case is not only about the appropriate application of FOIA exemptions, but also about the responsibilities of the agency under the statute and under *Vaughn*. Mem. in Supp. of Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J., ECF No. 22 at 2 ("The agency has not provided a sufficient Vaughn index, nor has it shown that its use of categorical withholdings is justified."). It is EPIC's position that the DEA improperly withheld records under Exemptions 6, 7(D), and 7(E).

EPIC has also made clear that the DEA has not met its obligations with respect to the *Vaughn* submission. The DEA has given EPIC hundreds of pages of blank or nearly-blank documents; provided only generic, repetitive explanations for withholding entire categories of documents; and ignored EPIC's objections to these shortcomings. Mem. in Supp. of Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J. at 3-4 *quoting* Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 89 (D.D.C. 2009) ("In fact, the Myrick Declaration 'systematically fail[ed] to identify information such as the originating component agency, the author, and frequently the recipient(s) of the document' ").

The DEA has deliberately misread EPIC's motions. In Plaintiff's Reply, EPIC responded to the DEA's mischaracterizations by reiterating that it is not just one document at issue but the whole Exemption 5 claim. The DEA's request for leave to file a surreply should be denied, and EPIC's full discussion of Exemption 5 should remain in the record.

## II. If Defendant's Surreply Is Granted, EPIC Asks the Court for Leave to File a Sur-Surreply

If this Court grants the DEA's motion for leave to file a surreply, EPIC asks the court for leave to file a brief response. It is within this Court's discretion to grant or deny a motion to file a surreply. *Crummey*, 794 F. Supp. 2d at 63 (denying motion to file a surreply). This Court has generally disfavored granting a party leave to file a surreply, as the Local Rules of this Court do not contemplate the filing of more than three memoranda in regards to any one motion. *Kim v. US*, 840 F. Supp. 2d 180, 191 (D.D.C. 2012) (denying motion to file a surreply); *See* Loc. Civ. R. 7. The three memoranda provided for in the Local Rules are: (i) the movant's open memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply. Loc. Civ. R. 7. This structure allows for the moving party to have both the first and last word. The DEA has withheld vast amounts of responsive information and has all but ignored EPIC's objections to the faults in its *Vaughn* submission. The DEA should not also be allowed to have the final word on the Exemption 5 withholdings.

## **CONCLUSION**

For the foregoing reasons, this court should deny the Defendant's Motion for Leave to File a Surreply, or in the alternative, should grant Plaintiff leave to file a response to Defendant's Surreply.


Dated: February 3, 2015                     Respectfully submitted,

                                            MARC ROTENBERG
                                            President and Executive Director

                                            */s/ Ginger P. McCall*
                                            GINGER P. MCCALL
                                            D.C. Bar # 1101104

                                            JULIA HORWITZ
                                            D.C. Bar # 1018561

                                            ELECTRONIC PRIVACY
                                            INFORMATION CENTER
                                            1718 Connecticut Ave, NW #200
                                            Washington, DC 20009
                                            Telephone: (202) 483-1140
                                            Fax: (202) 483-1248
                                            foia@epic.org

                                            Attorneys for Plaintiff