UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION, )<br>)<br>Defendant ) | Civil Action No. 14-cv-317 (EGS) |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION REGARDING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

The parties are in partial agreement in that neither party appears to prefer that the Court authorize additional briefing. The parties' disagreement pertains to whether plaintiff Electronic Privacy Information Center (EPIC) raised new arguments in its reply memorandum and how the Court should respond.

EPIC plainly raised new arguments for the first time in its reply memorandum. Defendant Drug Enforcement Administration (DEA) sought summary judgment on the withholding of two separate documents under FOIA Exemption 5: a draft memorandum, designated for the Court's convenience as category 5-1, and an email message designated as category 5-2. Def.'s Mem. in Supp. of Mot. for Summ. J. 8, ECF No. 15; Decl. of Katherine L. Myrick ¶¶ 34.a–b, ECF No. 15. The documents were distinct, and the DEA relied on separate facts to justify withholding of each of the documents under Exemption 5. See Def.'s Mem. in Supp. of Mot. for Summ. J. 8–10; Decl. of Katherine L. Myrick ¶¶ 34.a–b. EPIC's combined cross-motion and opposition memorandum opposed withholding of the memorandum, but it did not raise any arguments opposing withholding of the email. Indeed, it did not mention the email at all or even refer to it in a general way. Mem. in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot.

for Summ. J., ECF Nos. 17, 18. EPIC thereby forfeited both the opportunity to oppose the DEA's arguments on the withholding of the email <u>and</u> the opportunity to seek summary judgment themselves on the same issue. It was improper for EPIC to dispute the withholding of the email for the first time in its second memorandum, which was supposed to constitute only a reply in support of its motion for summary judgment.

The DEA has no interest in wasteful additional briefing—the DEA prefers that the Court simply disregard EPIC's new arguments and not authorize any additional briefing. DEA requests leave to file a surreply to prevent unfair prejudice to DEA only if the Court decides to consider EPIC's new arguments. If the Court chooses that course, the Court should not authorize EPIC to file an additional brief. Even supposing that EPIC had some vague entitlement to the "last word" on its motion, Pls.' Opp'n to Def.'s Mot. Regarding the Parties' Cross-Mots. for Summ. J. 5, ECF No. 24, that right would be counterbalanced by an equal right for DEA to have the "last word" on its own motion. And it would have been forfeited by EPIC when it improperly raised new arguments in its reply memorandum.

Date: February 4, 2015

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Defendant