**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION, )<br>)<br>Defendant ) | Civil Action No. 14-cv-317 (EGS) |

**DEFENDANT'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.       Applicable legal standards ................................................................................... 1

    II.      EPIC did not contest the application of the work-product doctrine to the email message. ................................................................................................................ 2

    III.     The email is protected by the deliberative process privilege. ................................. 2

    IV.     The email is protected by the attorney-client privilege. ......................................... 3

CONCLUSION ............................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**CASES**

*ACLU v. Dep't of Justice*,
 Civil Action No. 10-123 (RMC), 2011 WL 10657342 (D.D.C. Feb. 14, 2011) ..... 4

*Conservation Force v. Jewell*,
 66 F. Supp. 3d 46 (D.D.C. 2014) ................................................................................. 4

*Elec. Privacy Info. Ctr. v. Dep't of Justice*,
 584 F. Supp. 2d 65 (D.D.C. 2008) ............................................................................... 3

*Judicial Watch, Inc. v. U.S. Dep't of Hous. & Urban Dev.*,
 20 F. Supp. 3d 247 (D.D.C. 2014) ............................................................................... 4

*Murphy v. Exec. Office for U.S. Att'ys*,
 789 F.3d 204 (D.C. Cir. 2015) ..................................................................................... 4

*Texas v. United States*,
 No. 14-5151, 2015 WL 4910078 (D.C. Cir. Aug. 18, 2015) ................................... 2

*Touarsi v. U.S. Dep't of Justice*,
 78 F. Supp. 3d 332 (D.D.C. 2015) ............................................................................... 4

**FEDERAL STATUTES**

Freedom of Information Act (FOIA), 5 U.S.C. § 552 ...................................................... 1, 4

**PRELIMINARY STATEMENT**

Defendant Drug Enforcement Administration (DEA) properly withheld the email message described in the Declaration of Katherine L. Myrick (Myrick Decl.), ECF No. 15, *see* Myrick Decl. ¶ 34.b, based on Freedom of Information Act (FOIA) Exemption 5, 5 U.S.C. § 552(b)(5). The Court should grant summary judgment in favor of the DEA for the reasons explained in the DEA's earlier memoranda.

**BACKGROUND**

This is an action for injunctive and other relief under the FOIA, 5 U.S.C. § 552. Defendant DEA filed a motion for summary judgment asking the Court to uphold DEA's response to the plaintiff's FOIA request, including its decision to withhold an email message protected by the attorney-client privilege, the attorney work-product doctrine, and the deliberative process privilege based on FOIA Exemption 5, 5 U.S.C. § 552(b)(5). Def.'s Mem. in Supp. of Mot. for Summ. J. 8–10, ECF No. 15 (discussing Myrick Decl. ¶ 34.b). Plaintiff Electronic Privacy Information Center (EPIC) did not contest the withholding of this email message in its first summary judgment brief, Mem. in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot. for Summ. J., ECF Nos. 17, 18, but it later raised arguments contesting the withholding of the email for the first time in its reply memorandum. Mem. in Supp. of Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J. (Pl.'s Reply Mem.) 7–14. On September 29, 2015, the Court issued a minute order authorizing DEA to file a surreply responding to the newly raised arguments.

**ARGUMENT**

**I.     Applicable legal standards**

The standards governing the application of FOIA exemptions and Exemption 5 in particular were discussed in the defendant's first summary judgment memorandum. *See* Def.'s

Mem. in Supp. of Mot. for Summ. J. 4–8.

II.   **EPIC did not contest the application of the work-product doctrine to the email message.**

DEA demonstrated in its earlier memoranda that the email message was protected by the work-product doctrine. See Def.'s Mem. in Supp. of Mot. for Summ. J. 9. EPIC did not contest the application of the work-product doctrine to the email message either in its first summary judgment brief, Mem. in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot. for Summ. J., or in its later reply memorandum, Pl.'s Reply Mem. 7–14. Accordingly, the Court should find that EPIC has conceded that the email is covered by the work-product doctrine, and thus is also covered by Exemption 5. See, e.g., Texas v. United States, No. 14-5151, 2015 WL 4910078, at *4 (D.C. Cir. Aug. 18, 2015) ("[W]here a party files an opposition that addresses only *some* of the arguments raised in the underlying motion, . . . courts may deem the unaddressed arguments as conceded." (quoting Texas v. United States, 49 F. Supp. 3d 27, 39 (D.D.C. 2014))).[1]

Because the plaintiff has conceded that the work-product doctrine covers the email, the Court can uphold the agency's assertion of Exemption 5 without examining whether the attorney-client privilege or the deliberative process privilege is applicable. However, those privileges are also applicable, as explained below.

III.   **The email is protected by the deliberative process privilege.**

The information in the Myrick Declaration is sufficient to support application of the deliberative process privilege.

---

[1] EPIC certainly should not be permitted to contest the application of the work-product doctrine for the first time in its response to this surreply—this surreply and the plaintiffs' response were permitted only because the plaintiffs improperly raised new arguments in their reply brief.

2

EPIC disputes the application of the deliberative process privilege on two grounds. First, EPIC argues that to support application of the deliberative process privilege to the email, DEA would have to provide more specific information about the names or positions of the Federal Government employees who received the email. EPIC argues that such information is needed to ensure that the email does not contain "instructions to staff explaining the reasons for a decision already made." Pl.'s Reply Mem. 7–8 (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980)). Second, EPIC argues that a "statement[] of the agency's legal position" may amount to a "formal or informal policy" that is not protected by the deliberative process privilege. Pl.'s Reply Mem. 8–9 (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 617 (D.C. Cir. 1997), and *Pub. Citizen, Inc. v. OMB*, 598 F.3d 865, 875 (D.C. Cir. 2010)). Both of these arguments are unfounded given that the Myrick Declaration explains that the email message contains "a preliminary assessment of three issues" and "does not itself establish a final policy." Myrick Decl. ¶ 34.b. This statement establishes that the email does not contain instructions to staff or communicate any formal or informal policy. *See also Elec. Privacy Info. Ctr. v. Dep't of Justice*, 584 F. Supp. 2d 65, 78 (D.D.C. 2008) (holding that a plaintiff contending that a document has been adopted or incorporated into official policy bears the burden to produce evidence of such adoption or incorporation and cannot rely on mere speculation).

**IV.     The email is protected by the attorney-client privilege.**

DEA also provided enough information in the Myrick Declaration to support application of the attorney-client privilege.

EPIC contends that the Myrick Declaration does not provide enough information to establish that the email was a confidential attorney-client communication. Pl.'s Reply Mem. 11–13. The Myrick Declaration noted that the email message was sent by a Deputy Assistant Attorney General at the Department of Justice to other Federal Government employees and

3

contained confidential legal advice (albeit preliminary advice) regarding three issues relating to features of the Hemisphere program. *See* Myrick Decl. ¶ 34.b. That is enough information to establish that the email is subject to the attorney-client privilege. *See Murphy v. Exec. Office for U.S. Att'ys*, 789 F.3d 204, 209 (D.C. Cir. 2015) (noting that an agency only needs to provide "reasonably specific detail" to support application of a FOIA exemption, and the "agency's task is not herculean"); *Touarsi v. U.S. Dep't of Justice*, 78 F. Supp. 3d 332, 345 (D.D.C. 2015) (rejecting an argument that an agency invoking the attorney-client privilege needed to identify the attorneys and the recipients of the advice); *Judicial Watch, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 20 F. Supp. 3d 247, 258 (D.D.C. 2014) (finding that the agency's description of a document as an "email chain in which attorneys are discussing and weighing approaches to take in possible forthcoming litigation" was specific enough to support application of the attorney-client privilege).

EPIC also argues that if the recipients of the email included any personnel of federal agencies other than the Department of Justice, the attorney-client privilege cannot apply. Pl.'s Reply Mem. 14. That is unsupported and plainly incorrect. The terms of Exemption 5 apply equally to "inter-agency" as well as "intra-agency" documents, 5 U.S.C. § 552(b)(5), and the attorney-client privilege is not bounded by agency walls. *See, e.g.*, *Conservation Force v. Jewell*, 66 F. Supp. 3d 46, 63 (D.D.C. 2014) (upholding application of attorney-client privilege to communications between the Department of the Interior and the Department of Justice); *ACLU v. Dep't of Justice*, Civil Action No. 10-123 (RMC), 2011 WL 10657342, at *9 (D.D.C. Feb. 14, 2011) (upholding application of attorney-client privilege to communications between the Central Intelligence Agency and the Department of Justice)

## **CONCLUSION**

The Court should grant summary judgment in favor of DEA.

4

| | |
|---|---|
| Date: October 6, 2015 | Respectfully submitted, |
| | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
| | MARCIA BERMAN<br>Assistant Branch Director |
| | /s/ JAMES C. LUH<br>JAMES C. LUH<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave NW<br>Washington DC 20530<br>Tel: (202) 514-4938<br>Fax: (202) 616-8460<br>E-mail: James.Luh@usdoj.gov<br>Attorneys for Defendant |