**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant | ) |

Civil Action No. 14-cv-317 (EGS)

~~Ex Parte and In Camera~~

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT...................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

      I.      Standards governing Exemptions 7(D) and 7(E) .................................................... 2

      II.     DEA properly withheld information identifying entities instrumental in the
            operation of Hemisphere under Exemptions 7(D) and 7(E). ................................. 4

            A.     DEA properly withheld the information under Exemption 7(D). ............... 4

            B.     DEA properly withheld the information under Exemption 7(E). .............. 6

            C.     EPIC has not established that the identities of entities instrumental in
                 Hemisphere have entered the public domain. ............................................ 7

      III.    DEA properly withheld information that could reveal what specific law
            enforcement agencies have access to Hemisphere under Exemption 7(E). ............. 8

      IV.    DEA properly withheld documents detailing the means through which
            Hemisphere secures the cooperation of entities instrumental to Hemisphere's
            operations, and references to those documents...................................................... 9

      V.     DEA processed and released all reasonably segregable information from the
            responsive records.............................................................................................. 10

CONCLUSION....................................................................................................................... 10

## PRELIMINARY STATEMENT

The Court's June 24, 2016, Memorandum Opinion, ECF No. 33, required the defendant, the Drug Enforcement Administration (DEA), to provide additional justification for withholding three categories of information in its response to the Freedom of Information Act (FOIA) request filed by plaintiff Electronic Privacy Information Center (EPIC). As explained further in this memorandum and the attached Declaration of DEA Chief of Intelligence Douglas W. Poole (Poole Decl.), DEA properly invoked FOIA Exemptions 7(D) and 7(E) to withhold this information and released reasonably segregable material from the responsive records as appropriate.

The Poole Declaration contains sensitive information that cannot be discussed publicly. Accordingly, the Poole Declaration and this memorandum are being filed with the Court ex parte for in camera review. Redacted copies of the Declaration and memorandum are being filed on the public docket and served on plaintiff EPIC. (Material redacted from the public version is highlighted in gray in the unredacted version.) As instructed in the Court's Memorandum Opinion, *see* Mem. Op. 38, the Government is also submitting release pages 283–84 and 286–87 for in camera review by the Court.

## BACKGROUND

This is an action for injunctive and other relief under the FOIA, 5 U.S.C. § 552.

Defendant DEA filed a motion for summary judgment requesting that the Court sustain DEA's response to EPIC's FOIA request, including DEA's reliance on FOIA exemptions 5, 6, 7(C), 7(D), 7(E), and 7(F), 5 U.S.C. § 552(b)(5), (6), (7)(C)–(F), to withhold certain information. Def.'s Mot. for Summ. J., ECF No. 15. DEA's submission grouped the withheld material into eighteen categories (some of which overlapped) and justified its withholding.

Plaintiff EPIC asserted that DEA had not performed an adequate search for responsive

records, had not processed and released all reasonably segregable information, and did not

discuss its withholdings in detail as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

EPIC also contested DEA's withholding of two categories of information under Exemption 5 and

its withholding of four categories of information under Exemption 7. Mem. in Supp. of Pl.'s

Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot. for Summ. J., ECF Nos. 17, 18.

On June 24, 2016, the Court issued a Memorandum Opinion on the parties' cross motions

for summary judgment. The Court held that DEA's search was reasonable and that its *Vaughn*

submission was sufficiently detailed, and it upheld DEA's withholdings under Exemption 5.

However, the Court found that DEA did not sufficiently justify the four categories of Exemption

7 withholdings contested by EPIC. The Court directed DEA to release the information, provide

additional support for its withholdings, or submit the documents for in camera review. *See* Mem.

Op. 24–41. The Court deferred ruling on whether DEA had processed and released all reasonably

segregable information. *See* Mem. Op. 41 n.14.

## ARGUMENT

### I.      Standards governing Exemptions 7(D) and 7(E)

Summary judgment is warranted when the agency's affidavits "describe the justifications

for nondisclosure with reasonably specific detail, demonstrate that the information withheld

logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith." *Citizens for Responsibility & Ethics

in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). "Ultimately, an agency's

justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'"

*Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007).

FOIA Exemption 7(D) authorizes withholding of (among other things) information

compiled for law enforcement purposes if release of the information "could reasonably be

expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis." 5 U.S.C. § 552(b)(7)(D). Exemption 7(D) applies if the source provided information either under an express assurance of confidentiality, or under an implied assurance of confidentiality, meaning that the source provided information under circumstances that "support the inference" of confidentiality. *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1184 (D.C. Cir. 2011) (quoting *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 179 (1993)).

Exemption 7(E) authorizes withholding of information compiled for law enforcement purposes if release of the information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). "[T]he exemption is written in broad and general terms" to avoid assisting lawbreakers. *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009).

The terms of the statute provide that, to withhold records that would reveal law enforcement "guidelines," an agency must show that "disclosure could reasonably be expected to risk circumvention of the law." This Circuit has not clarified whether this requirement also applies to withholding of records that would reveal "techniques and procedures." *See Citizens for Responsibility & Ethics in Wash.*, 746 F.3d at 1102 n.8. However, disclosure of law enforcement techniques and procedures usually has potential to create a risk of circumvention, and the risk-of-circumvention requirement is not a demanding threshold. *See Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 204 n.4 (D.C. Cir. 2014). The D.C. Circuit has stressed that the risk-of-circumvention requirement

sets a "low bar." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). An agency does not need to demonstrate that disclosure is certain to lead to circumvention of law; it only needs to show some "chance of a reasonably expected risk" of circumvention of law. *Mayer Brown*, 562 F.3d at 1193.

## II. DEA properly withheld information identifying entities instrumental in the operation of Hemisphere under Exemptions 7(D) and 7(E).

### A. DEA properly withheld the information under Exemption 7(D).

DEA withheld information identifying entities instrumental in the operation of Hemisphere under FOIA Exemption 7(D). The entities identified in the records are ████████ ████████████████████████████████████

As explained further in the Poole Declaration, these entities provide information to the Government under circumstances that "support the inference" of confidentiality. ████████



The Court's Memorandum Opinion directed DEA to address the factors that the D.C. Circuit identified as relevant to a finding of implied confidentiality in *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161 (D.C. Cir. 2011). *See* Mem. Op. 29–30. These factors, considered together, weigh in favor of a finding of implied confidentiality.

The first factor identified in *Roth* is "the character of the crime at issue." *Roth*, 642 F.3d at 1184. "[S]ources likely expect confidentiality when they report on serious or violent crimes, risking retaliation." *Labow v. U.S. Dep't of Justice*, No. 14-5220, 2016 WL 4150929, at *5 (D.C. Cir. Aug. 5, 2016). Hemisphere has been used in investigations of "crimes committed by extremely violent individuals and organizations." Poole Decl. ¶¶ 34, 40.

The second *Roth* factor is "the source's relation to the crime." *Roth*, 642 F.3d at 1184. "[S]ources divulging nonpublic, identifying information are more vulnerable to retaliation." *Labow*, 2016 WL 4150929, at *6. ██████████████████████████████████ ██████████████████████████████████

The third *Roth* factor is "whether the source received payment." *Roth*, 642 F.3d at 1184. Receipt of payment weighs in favor of confidentiality, while the absence of any payment weighs against confidentiality. *See Labow*, 2016 WL 4150929, at *6. ██████████████████ ██████████████████████████████████

The fourth *Roth* factor examines "whether the source has an 'ongoing relationship' with the law enforcement agency and typically communicates with the agency 'only at locations and under conditions which assure the contact will not be noticed.'" *Roth*, 642 F.3d at 1184. "Consistent and secretive communications indicate a source's expectation of confidentiality." *Labow*, 2016 WL 4150929, at *6. Hemisphere is an established program, and thus there is an "ongoing relationship." ██████████████████████████████████



Thus, the *Roth* factors, considered together, weigh in favor of a finding of implied confidentiality. *Cf. Gamboa v. Exec. Office for U.S. Att'ys*, 126 F. Supp. 3d 13, 20 (D.D.C. 2015) (holding that FBI properly withheld the identity of a business that provided the FBI with information about a business transaction that was not unlawful in itself but was believed to be indirectly connected to violent crime); *Schrecker v. U.S. Dep't of Justice*, 74 F. Supp. 2d 26, 35 (D.D.C. 1999) (finding implied confidentiality based on a risk of "potential reprisal from others and embarrassment," without mention of any physical threat), *aff'd in part and rev'd in part on other grounds*, 254 F.3d 162 (D.C. Cir. 2001).

**B.      DEA properly withheld the information under Exemption 7(E).**

Exemption 7(E) provides an independent basis for DEA's withholding of information identifying entities instrumental in the operation of Hemisphere. Criminals could use this information to evade detection or disrupt Hemisphere's operations.

Disclosure of the identities of the entities instrumental to Hemisphere could help criminals seeking to evade detection by law enforcement.

Disclosure of the identities of the entities involved with Hemisphere could also result in criminals seeking to attack Hemisphere-related personnel and facilities. *See* Poole Decl. ¶¶ 34–

35. The locations of various telecommunications facilities in general may already be publicly known, *see* Mem. Op. at 35, but even if individuals and groups seeking to attack Hemisphere know where telecommunications facilities are generally located, they do not yet know *which specific entities* are instrumental to Hemisphere, and thus they do not know *which specific entities'* facilities to target in an attack. Therefore, disclosure of the specific entities' identities would place the specific entities at risk and would also increase the risk of circumvention of law.

██████████████

Judges of this Court have repeatedly upheld the assertion of Exemption 7(E) based on similar risks of circumvention. *See, e.g.*, *Tracy v. U.S. Dep't of Justice*, Civil Action No. 15-655 (RDM), 2016 WL 3248185, at *9 (D.D.C. June 10, 2016), *appeal docketed*, No. 16-5187 (D.C. Cir. June 28, 2016) (holding that FBI properly withheld FBI internal Web site addresses on the theory that disclosure of the addresses would "increase the risk of cyberattacks"); *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 160 F. Supp. 3d 226, 243–44 (D.D.C. 2016) (holding that DOJ properly withheld information about vendors and suppliers who sold drone equipment to the FBI because disclosure of the information would reveal knowledge about the FBI's capabilities and limitations); *see also Competitive Enter. Inst. v. NSA*, 78 F. Supp. 3d 45, 60 (D.D.C. 2015) (holding, in the context of another FOIA issue, that disclosure of "which providers turn over data" to a National Security Agency surveillance program would help individuals and organizations seeking to evade detection by the program).

### C.    EPIC has not established that the identities of entities instrumental in Hemisphere have entered the public domain.

"The government cannot rely on an otherwise valid exemption claim to justify withholding information that has been 'officially acknowledged' or is in the 'public domain.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (quoting *Afshar v. Dep't of*

*State*, 702 F.2d 1125, 1130–34 (D.C. Cir. 1983)). But that principle is not applicable here, because DEA has not made public the identities of entities instrumental in Hemisphere.

Under FOIA, the plaintiff bears the burden of establishing that information has been officially disclosed. *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 60 (D.C. Cir. 2003). For an exemption to be waived by prior disclosure, the information requested (1) "must be as specific as the information previously released"; (2) "must match the information previously disclosed," and (3) "must already have been made public through an official and documented disclosure." *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990). The disclosure must have been made by the same agency from which the information is being sought. *See Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999) ("[W]e do not deem 'official' a disclosure made by someone other than the agency from which the information is being sought.").

EPIC has not established that DEA disclosed the identities of entities instrumental in Hemisphere. *See* Poole Decl. ¶¶ 15–16. The fact that the press and the public have speculated about the entities involved is not enough to establish waiver. *See, e.g.*, *Agility Pub. Warehousing Co. K.S.C. v. NSA*, 113 F. Supp. 3d 313, 333 (D.D.C. 2016) (holding that "logical deductions" and "general media speculation" about the identities of the service providers involved in telephony metadata collection by the NSA "may not substitute for official acknowledgements"); *see also Competitive Enter. Inst. v. NSA*, 78 F. Supp. 3d 45, 58–59 (D.D.C. 2015) (holding that "inferences and assumptions," "speculation by the press," and "disclosures in the press from unnamed sources" about the identities of telecommunications providers cooperating with the Government did not carry the same force as official acknowledgement).

**III.   DEA properly withheld information that could reveal what specific law enforcement agencies have access to Hemisphere under Exemption 7(E).**

DEA also withheld information about which specific law enforcement agencies, other

than DEA, have access to Hemisphere. The types of crimes that fall within the jurisdiction of one

law enforcement agency can differ from the types of crimes that another law enforcement agency

has jurisdiction over. Given the right information, a criminal seeking to evade a particular law

enforcement agency's jurisdiction could alter his or her behavior accordingly. Thus, knowing

which particular law enforcement agencies use Hemisphere would be useful to criminals, who

could then use that information to alter their behavior to evade detection by the agency. *See*

Poole Decl. ¶ 43. *Cf. Light v. Dep't of Justice*, 968 F. Supp. 2d 11, 29 (D.D.C. 2013) (upholding

application of Exemption 7(E) to withhold information regarding the identity and expertise of

investigating law enforcement units); *Soghoian v. U.S. Dep't of Justice*, 885 F. Supp. 2d 62, 75

(D.D.C. 2012) (upholding withholding of details of electronic surveillance methods and

observing that "[k]nowing what information is collected, how it is collected, and more

importantly, when it is not collected, is information that law enforcement might reasonably

expect to lead would-be offenders to evade detection").

## IV. DEA properly withheld documents detailing the means through which Hemisphere secures the cooperation of entities instrumental to Hemisphere's operations, and references to those documents.

DEA invoked Exemption 7(E) to withhold documents detailing the means

through which Hemisphere secures the cooperation of entities instrumental in Hemisphere's

operations, and references to those documents.



████████████████████████████████████████

████████████████████

**V.      DEA processed and released all reasonably segregable information from the responsive records.**

DEA also met its obligation to process and release all reasonably segregable information from the responsive records.

"Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). EPIC has not presented any evidence to rebut that presumption here. Moreover, paragraph 48 of the Declaration of Katherine L. Myrick, ECF No. 15, the release pages attached to DEA's summary judgment motion, and the pages submitted for the Court's in camera review show that DEA applied exemptions narrowly and withheld only material that is exempt from disclosure and material "inextricably intertwined with exempt portions," *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

**CONCLUSION**

The Court should grant summary judgment in favor of DEA.

Date: September 21, 2016                              Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendant