# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 14-cv-317 (EGS) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL EXHIBITS

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

    I.    EPIC's filing does not establish that the documents published by *The Daily Beast* are authentic and were made public through an official disclosure by DEA .......... 3

    II.   *The Daily Beast*'s story is irrelevant to this case because an agency's withholding decisions are evaluated based on the facts at the time the FOIA request was processed. ............................................................................................................. 5

CONCLUSION ................................................................................................................................ 5

**PRELIMINARY STATEMENT**

While DEA does not object to EPIC's filing of supplemental exhibits, EPIC's submission is legally irrelevant. It does not suggest that DEA improperly withheld any information when it responded under the Freedom of Information Act to the plaintiff's requests in 2014.

EPIC's submission includes several documents published on *The Daily Beast*'s Web site as part of an October 25, 2016, story about "Project Hemisphere" ("Hemisphere"). The story describes the documents as "AT&T documents" and claims that the documents identify AT&T as a company involved in Hemisphere. But the story does not address how *The Daily Beast* obtained those documents, does not establish that the documents are authentic, and does not allege, let alone show, that the documents—assuming they are authentic—were revealed through an official disclosure by DEA. The one document that is shown to be authentic (identified as Exhibit 6 to EPIC's filing) does not identify any entity involved in operating Hemisphere or any law enforcement agency whose identity DEA withheld in its FOIA response. Accordingly, nothing in the story undermines the DEA's withholding decisions.

A separate reason why *The Daily Beast*'s story is irrelevant to the resolution of this case is that it dates from October 2016. When evaluating whether an agency properly withheld documents in response to a FOIA request, a court evaluates the facts at the time the FOIA request was processed. Events that occurred after the FOIA request was processed in 2014 are irrelevant to the Court's evaluation.

Because EPIC's supplemental filing does not establish an official disclosure of information by DEA that occurred before EPIC's FOIA request was processed, it is irrelevant to the Court's evaluation of whether DEA properly withheld information.

**BACKGROUND**

This is an action for injunctive and other relief under the FOIA, 5 U.S.C. § 552. Among

the issues remaining to be resolved in this case are whether DEA properly withheld information identifying entities instrumental in the operation of Hemisphere under FOIA Exemptions 7(D) and 7(E), *id.* § 552(b)(7)(D)–(E), and whether DEA properly withheld information that could reveal what specific law enforcement agencies have access to Hemisphere under Exemption 7(E), *id.* § 552(b)(7)(E). *See* Def.'s Supplemental Br. in Supp. of Mot. for Summ. J. and in Opp'n to Pl.'s Cross Mot. for Summ. J. 1–2, 4–8, 8–9, ECF No. 36; Mem. Op. 24–30, 32–36, 38–41, ECF No. 33. DEA submitted a supplemental brief and declaration on those issues on September 21, 2016, and EPIC submitted a supplemental brief on October 13, 2016.

On November 3, 2016, EPIC submitted a motion requesting that the Court accept a further supplemental filing in connection with summary judgment briefing. Mot. to File Supplemental Exs., ECF No. 38. The supplemental filing includes six documents published with an October 25, 2016, story on *The Daily Beast*'s Web site. Kenneth Lipp, *AT&T Is Spying on Americans for Profit, New Documents Reveal*, *The Daily Beast* (Oct. 25, 2016), http://www.thedailybeast.com/articles/2016/10/25/at-t-is-spying-on-americans-for-profit.html. The story describes the documents as "AT&T documents," but, with only one exception, the story does not explain how *The Daily Beast* obtained the documents or provide information showing that the documents are authentic.

The only exception is the document attached to EPIC's filing as Exhibit 6, College of Medicine, Florida State University, FINAL MEDS AD Waiver Evaluation: Data Mining Activities Interim Report Preliminary Findings (June 27, 2013), https://www.medicaid.gov/Medicaid-CHIP-Program-Information/By-Topics/Waivers/1115/downloads/fl/MEDS-AD/fl-fl-meds-ad-interim-rpt-06272013.pdf. *The Daily Beast* story notes that this document is available on the U.S. Department of Health and Human Services Web site. But this document contains no

information identifying any company involved in operating Hemisphere. The only reference to Hemisphere in the document is a table indicating that in federal fiscal years 2012–13, data mining analysts in the Florida Attorney General's Medicaid Fraud Control Unit allocated 3 training hours to something called "Hemisphere Project."

EPIC argued in its motion that *The Daily Beast*'s story and the accompanying documents are relevant to this case because they "identify AT&T as the developer of the Hemisphere Project, establish[] that Hemisphere is not restricted to drug-related investigations, and provide[] the terms of an agreement between AT&T and a law enforcement agency." Mot. to File Supplemental Exs. 2. DEA advised the court that it disagreed with much of the content of EPIC's supplemental filing but did not oppose acceptance of the filing by the Court as long as DEA would have an opportunity to respond. *See* Mot. to File Supplemental Exs. 3.[1] By minute order on November 9, 2016, the Court granted EPIC's motion.

## ARGUMENT

I.   **EPIC's filing does not establish that the documents published by *The Daily Beast* are authentic and were made public through an official disclosure by DEA.**

The *Daily Beast* story and the documents attached to it are irrelevant because EPIC has not established that the documents are authentic and were made public through an official disclosure by DEA. The one document that is shown to be authentic does not reveal any information withheld by DEA in its FOIA response.

As explained in DEA's September 21, 2016, supplemental brief, prior disclosure can preclude the Government from withholding information under FOIA only if the plaintiff shows

---

[1] EPIC cited Rule 15(e) of the Federal Rules of Civil Procedure as the basis for its request for leave to supplement its summary judgment filings, but that rule is inapplicable. Rule 15(e) applies only to "pleadings," and summary judgment briefs are not "pleadings." *See* Fed. R. Civ. P. 15(e); Fed. R. Civ. P. 7(a) (distinguishing "Pleadings" from "Motions and Other Papers").

3

that the very same information was "made public through an official and documented disclosure" by the same agency. Def.'s Supplemental Br. in Supp. of Mot. for Summ. J. and in Opp'n to Pl.'s Cross Mot. for Summ. J. 7–8, ECF No. 36. Unconfirmed press stories and unauthorized or inadvertent disclosures of information do not affect whether information can be withheld. *See also Muslim Advocates v. U.S. Dep't of Justice*, 833 F. Supp. 2d 92, 104–05 (D.D.C. 2011) (holding that news articles purportedly discussing law enforcement techniques did not prevent application of Exemption 7(E)).

Several of the documents included in *The Daily Beast*'s story and EPIC's filing purport to identify AT&T as an entity instrumental in the operation of Hemisphere, but neither the story nor EPIC's filing establishes that those documents are authentic or that they were officially disclosed by DEA. Indeed, *The Daily Beast*'s story contains no information at all about how it obtained the documents purporting to identify AT&T and no information to corroborate their authenticity.

*The Daily Beast*'s story does adequately establish the authenticity of the report that is attached to EPIC's filing as Exhibit 6, by showing that the document is available on the Department of Health and Human Services Web site. But that document does not purport to identify any entity instrumental in the operation of Hemisphere. The only reference to Hemisphere in the document is a table attributing training hours for data mining analysts in the Florida Attorney General's Medicaid Fraud Control Unit to something called "Hemisphere Project." This fleeting reference does not make it clear whether "Hemisphere Project" is the same "Hemisphere" that is the subject of EPIC's FOIA requests, but even if it is the same, the document at most reveals one law enforcement agency that may have access to Hemisphere. That is not enough to preclude DEA from withholding information identifying other law enforcement agencies that have access to Hemisphere. (The Florida Attorney General's Medicaid Fraud

4

Control Unit is not among the law enforcement agencies whose names or identifying information were withheld under category 7E-5 in DEA's *Vaughn* submission.)

*The Daily Beast*'s story also mentions an email from an AT&T spokesperson regarding AT&T's cooperation with law enforcement. But the email is not reproduced in full, and it is not clear whether the statement actually linked AT&T to the Hemisphere program specifically or instead merely discussed AT&T's cooperation with law enforcement in broad terms.

**II.     *The Daily Beast*'s story is irrelevant to this case because an agency's withholding decisions are evaluated based on the facts at the time the FOIA request was processed.**

A second, separate reason why *The Daily Beast*'s story is irrelevant is that the story dates from October 2016, two years after DEA processed EPIC's FOIA request.

A court evaluates an agency's withholding of information under FOIA based on the facts as they were at the time the FOIA request was processed. *See Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991) ("In FOIA cases . . . , court review properly focuses on the time the determination to withhold is made . . . ."). *The Daily Beast*'s story dates from October 2016, and it suggests the documents were obtained only recently—it refers to them as "New Documents," "reported here by The Daily Beast for the first time," containing "new revelations." Material in *The Daily Beast*'s story or the accompanying documents, even if they are accurate and authentic, is irrelevant to whether the agency made proper withholding decisions in 2014.

## CONCLUSION

The documents cited in EPIC's supplemental filings are irrelevant for two separate reasons: EPIC has not established that the documents are authentic and were officially disclosed by DEA, and because the documents appear to have first emerged more than two years after EPIC's FOIA request was processed, they are irrelevant to the Court's evaluation of DEA's withholdings. Accordingly, the Court should grant summary judgment in favor of DEA.

5

Date: November 25, 2016    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendant