**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, |
| Plaintiff, |
| v. |
| UNITED STATES DRUG ENFORCEMENT AGENCY, |
| Defendant. |

Civ. Action No. 14-317 (EGS)

## <u>MEMORANDUM OPINION</u>

This case concerns the Hemisphere Project ("Hemisphere"), a program utilized by multiple government agencies, that collects daily data on telephone calls. The data is retained in a database and used by the United States Drug Enforcement Agency ("the DEA"), in cooperation with private corporations, to combat illicit drug activity. Although the existence of Hemisphere was widely reported in 2013, details of the program remain unknown.

Plaintiff Electronic Privacy Information Center ("EPIC") filed this lawsuit seeking injunctive relief following the DEA's response to EPIC's Freedom of Information Act ("FOIA") requests. Compl., ECF No. 1 ¶¶ 1-2. The primary FOIA requests at issue in this case sought the government's analysis of legal and privacy issues related to Hemisphere. The DEA ultimately responded to the request with 319 documents: 39 were released in their

entirety, 104 withheld in their entirety, and 176 released in part. The DEA claimed several FOIA exemptions as justification for the withheld documents and portions. Relevant to the pending motion, the DEA claimed FOIA Exemption 7(E), which allows the government to withhold records or information compiled for a law enforcement purpose, for 11 categories of documents. *See* 5 U.S.C. § 552(b)(7)(E).

The parties filed cross-motions for summary judgment and the Court denied EPIC's motion in part finding that, *inter alia,* the DEA's search for documents was reasonable and that the DEA properly withheld certain documents under FOIA Exemption 5. *See Elec. Privacy Info. Ctr. ("EPIC") v. United States Drug Enf't Agency*, 192 F. Supp. 3d 92, 100 (D.D.C. 2016). The Court also denied the DEA's motion in part finding that the DEA failed to sufficiently justify its reliance on FOIA Exemption 7(E). *Id.* at 111–116. The Court ordered the DEA to either produce the documents to EPIC, supplement the record with additional affidavits and authority justifying its withholdings, or the produce documents for the Court's *in camera* review. *Id.* at 115–16. The Court also ordered the DEA to produce documents related to a particular category for *in camera* review. *Id.* at 114. The Court deferred ruling on whether the DEA had processed and released all reasonably segregable information. *See id.* at 116 n.14.

The parties have filed supplemental briefs on the issues remaining to be resolved by the Court and the DEA partially withdrew its motion for summary judgment, leaving only two categories of withholdings in dispute. *See generally* Notice of Partial Withdrawal of Def.'s Mot. for Summ. J. ("Not. Of Partial Withdrawal"), ECF No. 41. Accordingly, the only issues before this Court are whether: (1) the DEA has properly invoked FOIA Exemption 7(E) over the two remaining categories of documents; and (2) the DEA has met its obligation to segregate all unprotected information from its withheld documents.

Upon consideration of the motions, the responses and replies thereto, the applicable law, the entire record, and for the reasons stated in this Memorandum Opinion, defendant's motion for summary judgment is **GRANTED** and plaintiff's cross-motion for summary judgment is **DENIED**.

## I. Background

The Court has already described the facts of this case in detail in its prior Memorandum Opinion. *See EPIC*, 192 F. Supp. 3d 92 (D.D.C. 2016). The Court will briefly outline the surveillance program which gave rise to the FOIA request, the DEA's response to the request, and the procedural history of this case.

### A. The Hemisphere Program

Hemisphere is a program that grants law enforcement

officials access to an AT&T database containing "decades of American's phone calls." Compl. ¶ 6 (*quoting Drug Agents Use Vast Phone Trove, Eclipsing N.S.A.'s*, New York Times, Sept. 1, 2013). Operational since 2007, Hemisphere adds nearly four billion calls to its database daily, including details about caller location. *Id.* ¶ 9. AT&T manages the database and the DEA pays AT&T staff to provide law enforcement agents with direct access to the call information. *Id.* ¶ 7. According to the New York Times, Hemisphere is funded through the White House's Office of National Drug Control Policy. *Id.* ¶ 11.

**B. EPIC's November 2013 FOIA Request and the DEA's Response**

EPIC's November 15, 2013 FOIA request sought four categories of documents from the DEA:

(1) All Hemisphere training modules, request forms, and similar final guidance documents that are used in the day-to-day operation of the program;

(2) Any analyses, memos, opinions, or other communications that discuss the legal basis of the program;

(3) Any analyses, memos, opinions, or other communications that discuss the privacy impact of the program; and

(4) Any presentations, analyses, memos, opinions or other communications for Congress that cover Hemisphere's operations.

*Id.* ¶ 14.[1]

The DEA identified six offices at its headquarters likely to have responsive records: The Operations Division, the Intelligence Division, the Office of Training, the Office of Chief Counsel, the Office of Information Systems, and the Office of Congressional and Public Affairs. *See* Def.'s Mem. Supp. Summ. J., Decl. of Katherine L. Myrick ("Myrick Decl."), ECF No. 15-3 ¶ 16. The DEA's Atlanta, Houston, Los Angeles, and Washington, D.C. division offices were also asked to search for responsive records. *Id.* In July 2014, the DEA responded to EPIC's FOIA request with 319 responsive documents. *Id.* ¶ 11. Of those documents, 39 were released in full, 176 were released in part and withheld in part, and 104 were withheld in full. *Id.*

To justify its withholdings, the DEA relied on FOIA exemptions 5, 6, 7(C), 7(D), 7(E), and 7(F). 5 U.S.C. § 552(b)(5);(6);(7)(C)-(F). Most relevant to this case, the DEA has asserted Exemption 7 for 11 categories of documents. Def.'s Mem. Suppl. Summ. J., ECF No. 15 at 18-23.[2] EPIC challenged three

---

[1] EPIC's first FOIA request, sent September 25, 2013, was challenged by the DEA as not reasonably describing the requested records, in violation of FOIA standards and Department of Justice regulations. Compl. ¶¶ 22-24. EPIC modified its letter and re-sent the requests in November 2013. *Id.*

[2] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

of those categories: (1) names of private companies that assist with the operation of Hemisphere (Categories 7D-1 and 7E-6);[3] (2) documents that reveal how the DEA secures cooperation of entities instrumental to Hemisphere's operation (Category 7E-5); and (3) names of other law enforcement agencies with access to Hemisphere (Category 7E-11). Pl.'s Opp'n, ECF No. 18 at 28-38.

## C. Procedural History

In a Memorandum Opinion dated June 24, 2016 the Court ruled on the parties' cross-motions for summary judgment. The Court denied EPIC's motion in part finding that the DEA's search was reasonable and that the DEA properly withheld certain documents under FOIA Exemption 5. *See EPIC*, 192 F. Supp. 3d at 100. The Court denied the DEA's motion in part, finding that the DEA failed to sufficiently justify its reliance on FOIA exemption 7(E). *Id.* The Court ordered the DEA to either produce the documents, supplement the record with additional affidavits and authority justifying its withholdings, or produce documents for the Court's *in camera* review. *Id.* at 115–16. The Court also ordered the DEA to produce documents related to a particular category for *in camera* review. *Id.* at 114.

---

[3] The DEA has withdrawn its motion for summary judgment related to this category and has produced the information to EPIC. *See* Not. Of Partial Withdrawal, ECF No. 41; *see also* Def.'s Not. of Filing Revised Release Pages in Connection with Notice of Partial Withdrawal, ECF No. 42.

The parties have filed supplemental briefs related to the issues remaining to be resolved by the Court. In the DEA's submission it has provided the documents for *in camera* review, and filed an *ex parte in camera* affidavit from Douglass W. Poole, DEA Chief of Intelligence, explaining its justification for the exemption. *See* Redacted Decl. Douglass H. W. Poole ("Redacted Poole Decl."), ECF No. 36-1. The DEA has also filed a redacted copy of these documents on the public record. *Id.* Additionally, the DEA partially withdrew its motion for summary judgment for all but two of the 11 categories of documents for which it originally claimed the exemptions. *See generally* Not. Of Partial Withdrawal, ECF No. 41. Accordingly, the DEA has produced to EPIC revised versions of previously partially withheld documents. *See* Def.'s Not. of Filing Revised Release Pages in Connection with Not. of Partial Withdrawal, ECF No. 42.

The Court's June 2016 Memorandum Opinion and the withdrawal of the DEA's arguments concerning categories 7D-1 and 7E-6 leave two categories of withholdings in dispute:(1) category 7E-5, information that could reveal what specific law enforcement agencies have access to Hemisphere apart from DEA, whose use of Hemisphere has been publicly confirmed, *see* Def.'s Mem. in Supp. of Mot. for Summ. J., ECF No. 15-2 at 29, and (2) category 7E-11, documents detailing the means through which Hemisphere secures the cooperation of entities instrumental to Hemisphere,

*id.* at 30-31. Accordingly, the only issues before this Court are whether the DEA has properly invoked FOIA Exemption 7(E) over the documents in categories 7E-5 and 7E-11 and whether the DEA has met its obligation to segregate all unprotected information from its redactions.

## II. Standard of Review

### A. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether a genuine issue of material fact exists, a court must view all facts in the light most favorable to the non-moving party. *See Mastushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). FOIA cases are typically and appropriately decided on motions for summary judgment. *Gold Anti-Trust Action Comm. Inc. v. Bd. Of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (citations omitted). In ruling on cross-motions for summary judgment, a court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *Shays v. FEC,* 424 F.Supp.2d 100, 109 (D.D.C.2006); *Winston & Strawn LLP v.*

*F.D.I.C.*, No. 061120, 2007 WL 2059769, at *3 (D.D.C. July 13, 2007).

### B. The Freedom of Information Act

FOIA requires agencies to disclose all requested agency records, unless one of nine statutory exemptions applies. 5 U.S.C. § 552 (a), (b). Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Morley v. C.I.A.*, 508 F.3d 1108, 1114 (D.C. Cir. 2007)(*quoting Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). Because disclosure rather than secrecy is the "dominant objective of the Act," the statutory exemptions are "narrowly construed." *See McKneely v. DOJ*, 132 F. Supp. 3d 44, 49 (D.D.C. 2015)(internal quotation marks and citations omitted).

The government bears the burden of justifying nondisclosure, either through declarations or an index of information withheld. *See, e.g.*, *Consumers' Checkbook*, 554 F.3d 1046, 1050 (D.C. Cir. 2009); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973)(holding that an indexing system was necessary in FOIA cases to "(1) assure that a party's right to information is not submerged beneath governmental obfuscation and mischaracterization, and (2) permit the Court system effectively and efficiently to evaluate the factual nature of disputed information.").

Agency affidavits and declarations must be "relatively

detailed and non-conclusory." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)(internal quotation marks and citation omitted). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal quotation marks and citation omitted). Courts must conduct a *de novo* review of the record and may grant summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations that describe the documents and justifications for nondisclosure with "reasonably specific detail." *Cause of Action v. Federal Trade Com'n*, 961 F. Supp. 2d 142, 153 (D.D.C. 2013)(*quoting Military Audit Project v. Casey*, 656 F. 2d 724, 738 (D.C. Cir. 1981)).

**III. Analysis**

EPIC challenges the two remaining categories of exempted documents: (1) names of other law enforcement agencies with access to Hemisphere (Category 7E5); and (2) documents that reveal how the DEA secures cooperation of entities instrumental to Hemisphere's operation (Category 7E11). *See* Def.'s Not. of Partial Withdrawal of Mot. for Summ. J., ECF No. 41 at 4–5. EPIC also challenges the DEA's reliance on *ex parte in camera* affidavits. *See* Pl.'s. Suppl. Resp., ECF No. 37 at 2–3. The Court first discusses the propriety of the DEA's use of such

affidavits, and then turns to DEA's reliance on FOIA Exemption 7(E). Last, the Court discusses the DEA's obligation to provide any reasonably segregable non-exempt portion of the withheld documents to EPIC.

## A. DEA's Use of *In Camera* Affidavit

As an initial matter, EPIC argues that the DEA improperly relied on an *ex parte* declaration to support its justification for its reliance on FOIA Exemption 7(E). *See* Pl.'s. Suppl. Resp., ECF No. 37 at 2. EPIC is correct that courts are hesitant to accept *in camera ex parte* affidavits in FOIA cases. *See Armstrong v. Exec Officer of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996)(stating the "use of *in camera* affidavits has generally been disfavored."). "Although *in camera* review of withheld documents is permissible (and even encouraged), [the D.C. Circuit has] held that a trial court should not use *in camera* affidavits unless necessary and, if such affidavits are used, it should be certain to make the public record as complete as possible." *Lykins v. DOJ*, 725 F.2d 1455, 1465 (D.C. Cir. 1984)(citations omitted). To that end, a district court must satisfy itself that the use of the affidavit is absolutely necessary, justified to the greatest extent possible on the public record, and must make available as much of the *in camera* submission to the adverse party as possible. *Id.* Ultimately, the "use of such affidavits is at the discretion of the trial

court." *Id.*

The Court is satisfied that the DEA's use of the Poole declaration--submitted *in camera* and *ex parte*--was appropriate in this case. First, a redacted version of the Poole declaration was filed on the public docket, and this redacted version explains the justifications for why the DEA submitted it *in camera*. *See* Redacted Poole Decl., ECF No. 36-1. The declaration explains that public disclosure would reveal non-public sensitive DEA information not related to the FOIA request. *Id.* Second, the bulk of the redacted information relates to the exhibits this Court ordered the DEA to file *in camera* because the only way the Court could ascertain whether the exemption was justified was by reviewing the documents themselves. *EPIC*, 192 F. Supp. 3d at 114. Accordingly, the Court finds the use of the *in camera* declaration was absolutely necessary to determine whether the DEA properly claimed FOIA Exemption 7(E) for its withholdings.

However, the DEA's notice that it has partially withdrawn its motion for summary judgment and its subsequent filing of revised documents in connection with that notice has now rendered public some of the sensitive information in the declaration. *See* Def.'s Not. of Partial Withdrawal of Mot. for Summ. J., ECF No. 41 at 3. Although the DEA's motion and subsequent disclosure of revised documents arguably meet the

requirement that as much of the *in camera* submission as possible be made available to the adverse party, in an abundance of caution, the Court will order the DEA to un-redact portions of the affidavit that are no longer sensitive in light of its new disclosures to EPIC.

In short, because the use of the *in camera* declaration was absolutely necessary, and justified on the public record, the DEA's submission was proper. However, in light of the information the DEA made public after the submission of the affidavit, the DEA is hereby **ORDERED** to file a revised declaration with new redactions that are consistent with its recent disclosures to EPIC.

**B. FOIA Exemption 7(E)**

The Court next turns to the DEA's justifications for withholdings of the two categories of documents in this case: (1) the names of other law enforcement agencies with access to Hemisphere; and (2) documents that reveal how the DEA secures cooperation of entities instrumental to Hemisphere's operation (Category 7E11). *See* Def.'s Not. of Partial Withdrawal of Mot. for Summ. J., ECF No. 41 at 4.

FOIA Exemption 7(E) permits the withholding of information collected for law enforcement purposes if release of that information would:

disclose techniques and procedures for law

> enforcement investigations or prosecutions, or
> would disclose guidelines for law enforcement
> investigations or prosecutions if such
> disclosure could reasonably be expected to
> risk circumvention of the law.

5 U.S.C. § 552(b)(7)(E). The purpose of Exemption 7(E) is to prevent publication of information that would "train potential violators to evade the law or instruct them [on] how to break the law," and to protect information that, if disclosed, "could increase the risks that a law will be violated or that past violators will escape legal consequences." *Mayer Brown LLP v. I.R.S.*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)*.* Exemption 7(E) sets a "relatively low bar" for an agency to justify withholding information" but the government must "demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011)(quoting *Mayer Brown LLP*, 562 F.3d at 1193).

### 1. Category E-5: Names of Other Law Enforcement Agencies with Access to Hemisphere

EPIC challenges the DEA's withholding of the names of other law enforcement agencies that have access to Hemisphere's database, arguing that the DEA does not explain "why the names of federal agencies would reveal techniques, procedures, or guidelines" or how such disclosure could "reasonably be expected to risk circumvention of the law." Pl.'s Cross-Mot. for Summ. J., ECF No. 17-1 at 37. In its supplemental briefing, the DEA

explains that information "about specific law enforcement agencies that have access to the Hemisphere program could help criminals evade apprehension. . . . [and] would put violators on notice that the Hemisphere program could be used against them . . .." Redacted Poole Decl., ECF No. 36-1 ¶ 43. The DEA also argues that because the "types of crimes that fall within the jurisdiction of one law enforcement agency can differ from the types . . . that another agency law enforcement agency has jurisdiction over" criminals could alter their behavior if equipped of the knowledge of which agencies access Hemisphere. Def.s' Suppl. Br., ECF No. 36 at 11.

Under Exemption 7(E), the government must demonstrate (1) that the withheld information would disclose techniques, procedures or guidelines for law enforcement investigations and (2) that the disclosure would reasonably "risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *see also Blackwell*, 646 F.3d at 41-42.

The Court first finds that, although a close question, the DEA has sufficiently demonstrated that release of the names of the agencies that have access to Hemisphere would reveal techniques, procedures, or guidelines for law enforcement prosecutions as to those agencies. *See* 5 U.S.C. § 552(b)(7)(E).[4]

---

[4] In its Memorandum Opinion dated June 24, 2016, the Court ruled that defendant failed to adequately explain why release of the

Under the statute, information is only protected under Exemption 7(E) if it "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions." *See* 5 U.S.C. § 552(b)(7)(E). In its supplemental memoranda, the DEA has explained that the use of Hemisphere by the agencies other than the DEA has not been publicly confirmed, and to disclose such information would be disclosing the capabilities and limitations of certain agencies, specifically the agencies that do not use Hemisphere. Def.'s Resp. to Order of the Court, ECF No. 44 at 1–3. In other words, producing a set list of which agencies use Hemisphere necessarily discloses that Hemisphere is a technique or procedure that the agency utilizes, which is information that is not publicly available.

EPIC responds that names of the agencies are not techniques or procedures and argues that providing the names would not reveal techniques or procedures. Pl.'s Resp. to Order of the Court, ECF No. 45 at 3–4. EPIC argues that the DEA only cites to cases which hold that information that explains how an agency uses a type of investigatory tool falls within Exemption 7(E),

---

information would circumvent law enforcement, and had no occasion to discuss if the information was a technique or procedure. *EPIC*, 192 F. Supp. 3d at 115–16. The Court ordered supplemental briefing on this issue and the parties have filed their responses to the Court's Order. *See* Minute Order dated June 17, 2019.

but do not stand for the proposition that identification of which agency uses a tool would fall under that exemption. *Id.*

EPIC is correct that there does not appear to be case law that explicitly states that revealing which agency uses a particular investigatory tool is tantamount to disclosure of a technique, procedure, or guideline. However, the Court is persuaded that disclosure of which agency has access to Hemisphere necessarily discloses a technique or procedure used by that agency. The Court understands that the names themselves are not a technique, procedure or guideline, but with those names comes the knowledge of how the agency employs its procedures or techniques. In other words, to reveal the names of the agencies would necessarily reveal information about the techniques and procedures for those particular law enforcement agency investigations. Therefore that information is protected under Exemption 7(E) if its release would risk circumvention of the law. *See* 5 U.S.C. § 552(b)(7)(E)

As for the circumvention of law requirement, the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has made clear that the requirement that a disclosure could reasonably be expected to risk circumvention of the law, "sets a relatively low bar for the agency to justify withholding[.]" *Blackwell*, 646 F.3d at 42. "In fact, 'the exemption looks not just for [actual] circumvention of the law, but for a risk of

circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk[.]'" *Sheridan v. U.S. Office of Personnel Mgmt.*, 278 F. Supp. 3d 11, 19 (D.D.C 2017)(quoting *Mayer Brown LLP*, 562 F.3d at 1193). Therefore, "[r]ather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate[] logically how the release of [the requested] information might create a risk of circumvention of the law." *Mayer Brown LLP*, 562 F.3d at 1194 (internal quotation marks and citation omitted).

In support of its arguments, the Poole declaration details the type of information the DEA seeks to withhold, and the reasons why release of that information "could reasonably be expected to risk circumvention of the law," *see* 5 U.S.C. § 552(b)(7)(E). For example, the declaration explains that disclosing which agencies have access to Hemisphere would put certain violators on notice that it could be used against them and therefore risks that potential criminals will alter their behavior. *See* Redacted Poole Decl., ECF No. 36-1 ¶ 43. The Court finds that, after review of the unredacted declaration, the declaration is sufficient to demonstrate how the release of the requested information can create a risk of circumvention of the law. Accordingly, the DEA's motion for summary judgment

pertaining to withholding of the names of other agencies that have access to the Hemisphere data is **GRANTED**.

### 2. Category 7E-11: How the DEA Secures Cooperation from Third-Parties Instrumental to Hemisphere

In its motion for summary judgment, the DEA argues that the documents that reveal how the DEA secures cooperation from third parties are protected under FOIA Exemption 7(E) because such disclosure risks disruption of the means through which it secures cooperation. Def.'s Reply, ECF No. 19 at 19. In its prior Memorandum Opinion the Court noted that "[i]t is possible that a document describing the means of securing cooperation includes specific information . . . protected by Exemption 7(E), yet it is also conceivable that the information is so generalized that the document cannot be said to have been created for law enforcement purposes, or that disclosure would not risk circumvention of the law." *EPIC*, 192 F. Supp. 3d at 114. Accordingly, the Court ordered the DEA to produce the documents withheld under this rationale for *in camera* review. *Id.* citing *Fitzgibbon v. U.S. Secret Service*, 747 F. Supp. 51, 60 (D.D.C. 1990)(noting that the F.B.I.'s conclusory statement that certain techniques were not known to the public were "general and cursory at best" and that the "only way the Court can ascertain whether the assertions are correct is by way of an *in camera* review.")).

Through Mr. Poole's declaration, the DEA has provided a more specific explanation for why disclosure of the documents would hamper law enforcement efforts. Redacted Poole Decl., ECF No. 36-1 ¶ 44. Mr. Poole explains that it could "reasonably be expected that . . . the entities instrumental in the operation of Hemisphere would likely choose to discontinue their cooperation . . . [and] [t]his would risk making an important investigative tool unavailable." *Id.* The Court has reviewed the declaration and conducted *in camera* review of the documents at issue. After review of the declaration and the documents, the Court is satisfied that the DEA has supported its assertion that publication of these documents could "reasonably be expected to lead to disruption of the means of securing cooperation" and therefore could reasonably be expected to risk circumvention of the law. Def.'s Mem. Suppl. Summ. J., Myrick Decl., ECF No. 15-3 ¶ 45(k). Furthermore, it is apparent from these documents that releasing any additional information would in fact disclose law enforcement techniques and procedures. Accordingly, the DEA's motion for summary judgment pertaining to the means through which Hemisphere secures the cooperation of entities instrumental to Hemisphere's operations is **GRANTED.**

**C. Segregability**

FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record

after deletion of the portions which are" otherwise exempt under the Act. 5 U.S.C. § 552(b). This rule of segregation applies to all FOIA exemptions. *Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 21 (D.C. Cir. 1984). "It has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Before approving the application of a FOIA exemption, a district court must make specific findings of segregability regarding the documents to be withheld. *Summers v. DOJ*, 140 F.3d 1077, 1081 (D.C. Cir. 1998). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007).

The DEA has not addressed segregability in its supplemental filings; however, the Court has an independent obligation to determine whether the government has met its obligation under the statute. *See Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1116 (D.C. Cir. 2007)("If the district court approves withholding without such a finding [of segregability], remand is required even if the requester did not raise the issue of segregability before the court."). Upon review of the Myrick Declaration, Def.'s Mem. Supp. Summ. J., Myrick Decl., ECF No. 15-3 ¶ 10, explaining its process for segregability; the Court's

*in camera* review of the contested documents; the released pages attached to the motion for summary judgment; and the revised released pages following the DEA's notice of partial withdrawal, the Court is satisfied that the government only withheld information that is exempt from disclosure and material "inextricably intertwined with exempt portions." S*ee Mead Data Cent., Inc.*, 566 F.2d at 260. Accordingly, the Court finds that the DEA has discharged its obligation to ensure it has not withheld any segregable non-exempt materials.

## IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED** and plaintiff's cross-motion for summary judgment is **DENIED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            August 6, 2019**